

Potomac Law Group, PLLC
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C.  20006
Telephone: (202) 320-8907
E-mail: nkoslowe@potomaclaw.com

February 25, 2025

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *DBW Partners, LLC d/b/a/ The Capitol Forum v. BTG Pactual
Asset Mg't, US, LLC* (Case No. 1:24--cv-9836

Your Honor:

In accordance with the Court's Order of February 11, 2025 (ECF No. 20), the parties in the above-referenced case submit this joint letter with the information requested by the Court:

**(1) Capitol Forum's Position:** This is a copyright action.  Plaintiff DBW Partners, LLC d/b/a The Capitol Forum ("Capitol Forum") alleges that Cristina Suarez of Defendant BTG Pactual Asset Management US, LLC ("BTG") violated the Copyright Act by sending copyrighted Capitol Forum articles to her good friend and financial advisor, Jennifer Donaker, of Market Securities, LLC ("Market Securities").

In May 2022, Capitol Forum commenced an action against Market Securities in the United States District Court for the District of Columbia (the "*DC Case*").  In 2023, Capitol Forum learned in discovery in the DC Case that BTG had been systematically transmitting its copyrighted articles to Market Securities when Capitol Forum articles with Suarez's watermark (embossed to prevent piracy) were produced by Market Securities.  Capitol Forum promptly amended its complaint in the DC Case to add BTG as a defendant, but the district court dismissed the action against BTG for lack of personal jurisdiction, so the claim against BTG was filed in this Court.

**BTG's Position:** BTG denies that it has "systematically" transmitted copyrighted articles to Market Securities. The deposition testimony in the DC Case consistently shows that BTG has sent no more than a handful of Capitol Forum articles to Market Securities. Furthermore, given the low value of actual damages and the fact that BTG believes discovery will uncover additional sources of the articles to Market Securities, the number of works that might be arguably subject

to the statutory damages will likely be low. The lack of actual damages also strongly suggests that any amount of statutory damages will be near the lower end of the spectrum, especially in light of the fact that the rate that Capitol Forum charges for its subscription on a per article basis is very low. With respect to the DMCA claim, there is simply no evidence that any BTG employees removed any alleged copyright notice or watermark on any Capitol Forum article and BTG believes that the evidence will show that Capitol Forum did not consistently apply a copyright notice and watermarking on all of its articles for a period of time.

Notwithstanding these factual disputes, the copyright and DMCA claims against BTG are barred by the three-year statute of limitations. As evidenced in BTG's Letter Request (Dkt. No. 19), the record evidence in the DC Case show that Capitol Forum was put on notice of the infringement by October 27, 2021, more than three years before this case was filed in December 2024. Capitol Forum already had its chance to seek relief when it sued BTG in the DC Case (and fought BTG's Motion to Transfer Venue to this District). And even after those claims were dismissed against BTG, Capitol Forum still had time to file this case before the statute of limitations lapsed. It chose not to.

**(2)** The parties agree that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338 (copyrights). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c), because a substantial part of the events giving rise to the claims occurred in this district, the harm occurred in this district, and Defendant is subject to personal jurisdiction in this district.

**(3)** Subject matter jurisdiction in this case is not founded on diversity jurisdiction.

**(4)** Plaintiff does not intend at the present time to file any motions.

Defendant has already filed its Letter Request (Dkt. No. 19) seeking to bring a Motion to Dismiss all claims in this case with prejudice based on the three-year statute of limitations.

**(5) Capitol Forum's Position:** A substantial amount of discovery has been taken in the DC Case. BTG has produced documents, and Ms. Suarez has been deposed. Discovery has established the following facts, also relevant in this matter:

1. BTG's liability is admitted. Suarez acknowledged she sent copyrighted articles to Donaker.

2. BTG's violations were willful. Suarez knew the Capitol Forum articles were copyrighted. She cautioned Donaker to be careful because of watermark: From Suarez: **"Pls note the watermark."** From Donaker: **Oh I can't miss the watermark lol.** And further: **"Cristina name all over it so pls be extra careful;" "Cristina gave it and was cuatious about it; Capforum is v sensitive to cristinae."** Willfulness is also apparent from Suarez' conduct in transmitting the articles. Contrary to regulations promulgated by the Financial Industry Regulatory Administration [FINRA], which requires all client communications to be recorded

2

and preserved, Suarez sent the Capitol Forum publications via WhatsApp to avoid detection. She made clear to Donaker that the articles could not be sent to other clients of Market Securities, also to avoid detection. **"NO SENDING TO CLIENTS. Cristina's name is all over it; "Cristina will murder me, and I assume maybe Stefano too so just doubel check no BTG. Ty!"**

3.  Given these facts, the principal issue to be resolved is the number of violations committed by BTG. In her deposition, Suarez testified that she only sent a "handful" of articles. But that was before Market Securities was forced to produce communications demonstrating the routine nature of the violations. "**Cristina has CapForum, wehre im getting from;" "Cristina hasn't answered, she usually send[s] immediately."** Donaker referred to Suarez as her "**Cap Forum person,**" and discovery has revealed that Suarez sent well over 100 Capitol Forum publications to Market Securities.

Plaintiff likely will seek additional discovery, including depositions, Interrogatories, and requests to produce documents, to determine the number of copyright infringements committed by BTG.

**BTG's Position:** While some discovery has already occurred in the DC Case, BTG currently has little access to it. BTG did not attend any of the depositions in the DC Case, other than the deposition of its employee Cristina Suarez, and has not had any opportunity to question employees of Market Securities about alternative sources of the copyrighted articles. The little evidence BTG has seen suggests that the traders and brokers at Market Securities routinely received numerous articles from multiple sources every day via e-mail and other communication platforms, including Bloomberg Chat. The parties' dispute about the number of copyrighted articles allegedly shared by BTG (and discovery into alternative sources of the asserted articles) is material to both liability and the amount of statutory damages.

Contrary to Capitol Forum's assertions above, the FINRA regulations about preserving client communications is not admissible evidence, nor is it relevant to this copyright action. In addition, the FINRA regulations do not apply to the use of WhatsApp. Capitol Forum is merely attempting to muddy the waters by invoking it.

Moreover, with respect to a finding of willfulness, that is an extremely high bar to meet and, in this case, Capitol Forum will have a difficult time in proving willfulness. The evidence will show that Ms. Suarez shared just a handful of Capitol Forum articles with one of her financial advisors, Ms. Donaker, with the understanding that these articles were to be used by Ms. Donaker on a small number of deals that they were both following, and Ms. Suarez shared them with her so that they could discuss its contents.

**(6) Capitol Forum's Position:** Capitol Forum will seek the full amount of statutory damages provided under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

**BTG's Position:** The alleged damages in this case are very small—BTG's yearly subscription to Capitol Forum's articles is a tiny fraction of the damages alleged by Capitol Forum. BTG has not profited off of the alleged infringement and did not disseminate the copyrighted articles to others, as alleged against Market Securities in the DC Case. The small amount of actual damages against BTG suggests that a lower amount of statutory damages per copyrighted work is appropriate.

(7) No settlement discussions have taken place and the parties do not desire a settlement conference at the present time.

(8) The parties do not believe that any other information is relevant at this time.

. Respectfully submitted,


_/s/ Neil H. Koslowe_                                    _/s/ Charles Baker_
Neil H. Koslowe                                          Charles Baker
Counsel for Plaintiff                                    Counsel for Defendant