UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DBW PARTNERS, LLC d/b/a THE CAPITOL FORUM,<br><br>    *Plaintiff,*<br><br>v.<br><br>BTG PACTUAL ASSET MANAGEMENT US, LLC,<br><br>    *Defendant.* | Civil Action No. 1:24-cv-09836-LGS |

**DEFENDANT BTG PACTUAL ASSET MANAGEMENT US, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant BTG Pactual Asset Management US, LLC ("Defendant") submits its answer and affirmative defenses to Plaintiff DBW Partners, LLC d/b/a The Capitol Forum's ("Plaintiff") Original Complaint. For convenience, Defendant responds to Plaintiff's allegations on a paragraph-by-paragraph basis, and retains the headings used by Plaintiff in its Complaint.

## INTRODUCTION

1. Defendant admits that Plaintiff states causes of actions for violations of 17 U.S.C. § 101 *et seq.* 17 U.S.C. § 1202 *et seq.* in the Complaint, which speaks for itself. The remaining allegations are denied.

2. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 2, and therefore denies the same.

3. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 3, and therefore denies the same.

4. Defendant admits that it legally had access to some CF reports and that Ms. Suarez transmitted a handful number of CF reports to Market Securities. Defendant lacks sufficient

knowledge or information to form a belief about the truth of the remaining allegations in paragraph 4, and therefore denies the same.

5. Denied.

6. Defendant denies any alleged violations were willful. As to the terms in the Subscription Agreement, that document speaks for itself. Defendant denies the third sentence in paragraph 6. Defendant lacks sufficient knowledge or information to form a belief about the truth of any remaining allegations in paragraph 6, and therefore denies the same.

7. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of paragraph 7, and therefore denies the same. Defendant denies the remaining allegations in paragraph 7.

8. Denied.

## PARTIES

9. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 9, and therefore denies the same.

10. Defendant admits that Defendant is a limited liability company organized and existing under the laws of the State of Delaware, and has an office at 601 Lexington Avenue, 57th Floor, New York New York 10022. Defendant further admits Ms. Suarez is an employee of Defendant. The remaining allegations are denied.

11. Defendant admits it does business in and maintains an office in this District. The remaining allegations are legal conclusions to which no response is required.

## JURISDICTION AND VENUE

12. The allegations in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

13. The allegations in paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## STATEMENT OF FACTS

14. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 14, and therefore denies the same.

15. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 15, and therefore denies the same.

16. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 16, and therefore denies the same.

17. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 17, and therefore denies the same.

18. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 18, and therefore denies the same.

19. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 19, and therefore denies the same.

20. Admitted.

21. Admitted.

22. Defendant admits Ms. Suarez is employed by Defendant as a portfolio manager and that Ms. Suarez and Ms. Donaker are personal and business acquaintances. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 22, and therefore denies the same.

23. Defendant admits that Ms. Suarez transmitted a handful of copies of CF Reports to Ms. Donaker. The remaining allegations are denied.

24. Defendant denies the first two sentences of paragraph 24. Defendant admits as to what Ms. Suarez testified to in the District of Columbia Action. Any remaining allegations are denied.

25. Denied.

26. Denied.

27. Defendant admits that Defendant uses the Bloomberg Persistent Chat platform. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 27, and therefore denies the same.

28. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 28, and therefore denies the same.

29. Denied.

30. Defendant admits that Ms. Suarez transmitted a handful of copies of CF Reports to Ms. Donaker. The remaining allegations are denied.

31. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 31, and therefore denies the same.

32. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 32, and therefore denies the same.

33. Defendant admits that Plaintiff's attempt to add Defendant to the District of Columbia Action was denied on August 10, 2024 on the grounds that the Court found it had no personal jurisdiction over Defendant. The remaining allegations are denied.

34. Defendant admits that Plaintiff served a subpoena on Ms. Suarez in the District of Columbia Action. Defendant also admits that Ms. Suarez transmitted a handful of copies of CF Reports to Ms. Donaker. The remaining allegations are denied.

35. The allegations in paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

36. The allegations in paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

37. Denied.

38. Defendant admits that Ms. Suarez transmitted a handful of copies of CF Reports to Ms. Donaker. The remaining allegations are denied.

39. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 39, and therefore denies the same.

## COUNT I
### (Copyright Infringement)

40. Defendant repeats and realleges its answers to the preceding paragraphs as if fully set forth herein.

41. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 41, and therefore denies the same.

42. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 42, and therefore denies the same.

43. Defendant admits that it had access to one or more articles distributed by Plaintiff while Defendant had a subscription. The remaining allegations are denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT II
### (Distribution of Copyright Material Knowing that Copyright Management Information was Altered or Removed)

51. Defendant repeats and realleges its answers to the preceding paragraphs as if fully set forth herein.

52. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 52, and therefore denies the same.

53. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 53, and therefore denies the same.

54. The allegations in paragraph 54 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

55. Denied.

56. Denied.

57. Denied.

## PRAYER FOR RELIEF

In answer to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief requested in paragraphs 1–9, or to any relief whatsoever from Defendant. Defendant specifically denies committing, or being liable for, any act of infringement.

## JURY DEMAND

The Jury Demand requires neither admission nor denial.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses in response to Plaintiff's claims, without waiving or conceding which party or parties carry the burden of proof with respect

to any such affirmative or other defense. Defendant's investigation of its defenses is continuing. Accordingly, Defendant expressly reserves the right to allege and assert any additional affirmative or other defenses under Rule 8 of the Federal Rules of Civil Procedure, the copyright laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

**FIRST AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

58. Certain of Defendant's alleged infringing conduct occurred more than three years before the commencement of this action. Plaintiff's claims are therefore barred, in whole or in part, by the statute of limitations pursuant to 17 U.S.C. §507(b).

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

59. Plaintiff's Complaint fails, in whole or in part, because the Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted as related to Defendant.

**THIRD AFFIRMATIVE DEFENSE**
**(De Minimis Copying)**

60. To the extent certain of Defendant's alleged infringement does not concern the entirety of certain CF reports. Plaintiff's claims are therefore barred, in whole or in part, by the doctrine of de minimis copying.

**FOURTH AFFIRMATIVE DEFENSE**
**(Fair Use)**

61. Plaintiff's claims fail, in whole or in part, because Defendant's alleged conduct constitutes fair use.

### FIFTH AFFIRMATIVE DEFENSE
### (Inapplicability of DMCA)

62. Plaintiff's claims are barred because its alleged copyright management information is not copyright management information as defined in the Digital Millenium Copyright Act. Plaintiff's claims are further barred because Defendant did not knowingly delete copyright management information or knowingly distribute altered copyright management information. Nor did Defendant intend to induce, enable, facilitate, or conceal its alleged copyright infringement.

### SIXTH AFFIRMATIVE DEFENSE
### (Acts of Third Parties)

63. Plaintiff's claims fail, in whole or in part, because any reproduction, distribution, or display of any alleged infringing material were caused by the acts or omissions of other persons or entities for whose conduct Defendant is not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE
### (Overlapping Remedies)

64. Without admitting that the Complaint states a claim, any remedies are limited to the extent that Plaintiff's claims seek overlapping or duplicative recovery pursuant to the various claims asserted against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

65. Without admitting that the Complaint states a claim, Plaintiff is barred from recovering damages because all of the alleged Copyright violations were innocent violations.

### NINETH AFFIRMATIVE DEFENSE
### (No Damages)

66. Without admitting that the Complaint states a claim, Plaintiff has suffered no damage in any amount, manner, or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for by Plaintiff cannot be granted.

**TENTH AFFIRMATIVE DEFENSE**
**(No Attorneys' Fees)**

67. Without admitting that the Complaint states a claim, Plaintiff is barred from recovering attorneys' fees, in whole or in part, to the extent it failed to obtain copyright registrations within the earlier of the three months after the first publication of the work or one month after Plaintiff learned of the alleged infringement, pursuant to 17 U.S.C. § 412.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Statutory Damages)**

68. Without admitting that the Complaint states a claim, Plaintiff is barred from recovering statutory damages, in whole or in part, to the extent it failed to obtain copyright registrations within the earlier of the three months after the first publication of the work or one month after Plaintiff learned of the alleged infringement, pursuant to 17 U.S.C. § 412.

**RESERVATION OF ADDITIONAL DEFENSES**

69. Defendant reserves the right to supplement or amend its defenses, and to assert additional defenses, as the nature and scope of Plaintiff's claims are further developed through discovery.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court:

A. Enter judgment in Defendant's favor on each of Plaintiff's claims, dismissing all claims with prejudice;

B. Award Defendant its reasonable costs and fees, including attorneys' fees pursuant to 17 U.S.C. § 505; and

C. Grant Defendant such other and further relief as this Court deems just and proper.

Dated: March 18, 2025

Respectfully Submitted,

*/s/ Charles S. Baker*

Charles S. Baker *(pro hac vice)*
charles.baker@troutman.com
Ryan E. Dornberger *(pro hac vice)*
ryan.dornberger@troutman.com
Emma A. Bennett *(pro hac vice)*
emma.bennett@troutman.com
TROUTMAN PEPPER LOCKE LLP
600 Travis St., Suite 2800
Houston, Texas 77002
(713) 226-1200 Telephone
(214) 223-3717 Facsimile

Mark Hannemann
mark.hannemann@troutman.com
TROUTMAN PEPPER LOCKE LLP
200 Vesey St., 20th floor
New York, NY 10281
(212) 415-8600 Telephone
(212) 303-2754 Facsimile

Glenn Pudelka *(pro hac vice)*
glenn.pudelka@troutman.com
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue
9th Floor
Boston, MA 02199-7613
(617) 239 - 0100 Telephone
(617) 227 - 4420 Facsimile

**COUNSEL FOR DEFENDANT BTG PACTUAL ASSET MANAGEMENT US, LLC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via ECF on March 18, 2025.

*/s/ Charles S. Baker*
Charles S. Baker