# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DBW PARTNERS, LLC d/b/a THE CAPITOL FORUM,

        *Plaintiff,*

v.

BTG PACTUAL ASSET MANAGEMENT US, LLC,

        *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**So Ordered.**

Dated: June 10, 2025
    New York, New York

Civil Action No. 1:24-cv-09836-LGS

**Lorna G. Schofield**
**United States District Judge**

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Defendant BTG Pactual Asset Management US, LLC SG and Plaintiff DBW Partners, LLC d/b/a The Capitol Forum (collectively, "the Parties"), have jointly moved this Court for the entry of a protective order to govern the production of Discovery Material (defined below), by both parties and non-parties, in the above-captioned action (the "Lawsuit").

Having read and considered the parties' Motion, and finding good cause shown, the Parties' motion is hereby GRANTED. The below provisions shall apply to all discovery conducted in this Lawsuit.

## I.  DEFINITIONS

### A.  Designated Material

The term "Designated Material" shall mean any Discovery Material (as defined in Section I.C) designated by a Producing Party (as defined in Section I.F) as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with Paragraphs III.A to III.D below. All Designated Material and any information or material copied or derived

1

therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information, shall be treated as and hereinafter referred to as Designated Material.

**B.    Confidential and Highly Confidential - Attorneys' Eyes Only**

1.    "CONFIDENTIAL" comprises or contains information that the Producing Party claims in good faith to constitute or relate to confidential, or proprietary information, whether personal or business-related, that is not publicly available and provides a commercial advantage to its possessor and the disclosure of which to persons other than those set forth in Section V.A. below would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.    "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" comprises or contains information that the Producing Party claims in good faith is information that is of a highly confidential nature and is competitively sensitive or important to the Producing Party's business, including, but not limited to, (a) the content of, or strategy related to, business dealings; (b) proprietary data, business, financial, or commercial information; (c) financial information, including sales and profits, that is not otherwise public information; and (d) information relating to unreleased products or products in development, the disclosure of which to persons other than those set forth in Section V.B below could create a risk of harm that could not be avoided by less restrictive means.

**C.    Discovery Material**

The term "Discovery Material" shall mean any Document (as defined at Section I.D), material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process, including, for example, exhibits; answers

to interrogatories; responses to requests for admissions; responses to requests for production and any documents produced in connection therewith; subpoenas; declarations; affidavits; letters; emails; deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions thereof.

**D.    Documents**

The term "Document" shall mean all writings, recordings, or photographic materials as described and defined in Local Civil Rule 26.3 and Rule 1001 of the Federal Rules of Evidence, including electronically stored information and data, whether produced or created by a Party or another person, and whether produced pursuant to Federal Rule of Civil Procedure 34, pursuant to a subpoena, by agreement, or otherwise. This shall include, but not be restricted to, all interrogatory answers, responses to requests for production or for admission(s), deposition testimony, and deposition exhibits. This Protective Order is not intended to, and shall not, expand, enlarge, or otherwise change any Party's obligations concerning the scope, limitations, and form of discovery as set forth in any Discovery Plan and Scheduling Order put in place in the Lawsuit.

**E.    Party**

The term "Party" shall refer to any plaintiff, defendant, counterclaim-plaintiff, or counterclaim-defendant in the Lawsuit, namely, Defendant BTG Pactual Asset Management US, LLC SG and Plaintiff DBW Partners, LLC d/b/a The Capitol Forum.

**F.    Producing Party**

The term "Producing Party" shall mean any Party to the Lawsuit or any non-party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for the Lawsuit.

### G.    Receiving Party

The term "Receiving Party" shall mean any Party to the Lawsuit, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

## II.    RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

### A.    Scope

This Order shall encompass all Discovery Material produced during this Lawsuit except that this Order shall not encompass information that (a) is lawfully in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, (b) lawfully comes into the possession of the Receiving Party by means other than by production by Producing Party, or (c) lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Order.

### B.    Purpose

Designated Materials shall be used solely for purposes of and in connection with this Lawsuit and the information contained therein shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose.

### C.    Confidentiality

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated or disclosed in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

### D.     Maintenance of Designated Material

Designated Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order. The Receiving Party shall protect the confidentiality of Designated Material using procedures that are no less stringent than the measures used to protect the Receiving Parties' own Designated Material or similar confidential material.

### E.     Restrictions on Designated Materials

The restrictions on the use of Designated Material established by this Order are applicable to the Receiving Party. A Producing Party is free to do whatever it desires with its own Designated Material.

### F.     Discovery from Non-Parties

Information sought or obtained from a person not a Party to the Lawsuit ("non-party") shall be treated as Designated Material if requested by the non-party. Any such information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to Paragraphs III.A to III.D by a non-party will be accorded the same protection as the Parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Order. Any Party may seek to challenge designations by a non-party under the provisions of Paragraph IV.B after providing at least ten (10) business days written notice to the non-party and agreeing that it will not object to the non-party appearing in this Lawsuit for the limited purpose of seeking to preserve its requested designation.

### G.     Unintentional Disclosure of Designated Material

If Designated Material, or any portion thereof, is disclosed by the Receiving Party to any person or Party not authorized to receive such Designated Material under this Protective Order,

then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request that such person execute the Confidentiality Undertaking in Exhibit A.

## III.    PROCEDURE FOR MARKING DESIGNATED MATERIAL

Any Producing Party may mark Designated Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Order. The burden of establishing that Designated Material is either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as defined herein shall be on the Producing Party. The designation of Designated Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation. Designated Material must be marked in the following manner:

A.    In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing along with a designation, e.g., bates number prefix, of the identity of the Producing Party;

B.    In the case of electronically stored information ("ESI") produced in native format, designation shall be made by contemporaneously producing a bates-numbered slip sheet bearing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and including the corresponding bates number in the file name of the native-format file (e.g.,

PAD0001234.xls). Any Party printing or otherwise creating a tangible copy of the native file shall include the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of the document; and

    **C.**    In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as applicable, the copies of such documents as may contain either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material, as defined in Paragraphs I.B.1 and I.B.2, at the time the copies are produced to the Receiving Party. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information before it is copied and marked pursuant to this Order.

## IV.    CONTESTING THE DESIGNATION

    **A.**    No Party to this Lawsuit shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in the Lawsuit to the propriety of such designation.

    **B.**    Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute with the Court.

## V.    DISCLOSURE OF DESIGNATED MATERIALS

A.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL under this Order may be disclosed by the Receiving Party only to the following persons:

      1.    counsel of record for the Parties, including their regularly employed support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with the Lawsuit;

      2.    the Parties' respective insurers (including any insurer's in-house counsel and any outside counsel retained by an insurer), which may be liable to satisfy all or part of a possible judgment in the Lawsuit, or to indemnify or reimburse for payments made to satisfy the judgment (if applicable) under Fed. R. Civ. P. 26(a)(1)(A)(iv), provided that any such persons first execute the Confidentiality Undertaking in Exhibit A and the executed Confidentiality Undertaking is provided to the Producing Party before the disclosure is made. Disclosures under this sub-paragraph are to be made only to the extent necessary to perform an insurer's duties and obligations to a Party;

      3.    Parties and employees of Parties involved in the prosecution or defense of this Lawsuit;

      4.    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which the Lawsuit is pending including any appellate Court, and the jury, if any;

      5.    court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in the Lawsuit;

      6.    consultants (not including trial and jury consultants), or experts and their staff who are expressly retained or sought to be retained by an attorney described in subparagraph 1 or 2 of this section to provide assistance in the Lawsuit, provided that any

8

such persons first execute the Confidentiality Undertaking in Exhibit A and the Receiving Party must serve on the Producing Party a copy of the executed Confidentiality Undertaking, a current copy of the expert or consultant's CV, a list of the expert or consultant's testifying and consulting work for the preceding five (5) years (to the extent not included in the CV). The Producing Party may object in writing to the disclosure within ten (10) business days. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. This disclosure and objection procedure applies to each Producing Party separately;

7.    any person who authored and/or received the particular CONFIDENTIAL information sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received the particular CONFIDENTIAL information sought to be disclosed to that witness;

8.    litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in the Lawsuit, to the extent necessary for the particular

litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

9.      mock jurors, trial consultants, and jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror, trial consultant, or jury consultant who is employed or affiliated with or who knows any person employed by or affiliated with either Party to the Lawsuit; (ii) mock jurors, trial consultants, and jury consultants will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) any such persons first execute the Confidentiality Undertaking in Exhibit A; and

10.     persons who have been retained by a Party to provide translation or interpretation from one language to another, provided that such translators execute the Confidentiality Undertaking in Exhibit A.

**B.**      Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the following persons:

1.      outside counsel of record for the Parties, including their regularly employed support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with the Lawsuit;

2.      in-house counsel for the Parties herein, if any, who are necessary for the furtherance of this litigation, including any paralegal, clerical, or other assistant that such in-house counsel employs and assigns to this matter

3.      the Parties' respective insurers (including any insurer's in-house counsel and any outside counsel retained by an insurer), which may be liable to satisfy all or part

of a possible judgment in the Lawsuit, or to indemnify or reimburse for payments made to satisfy the judgment (if applicable) under Fed. R. Civ. P. 26(a)(1)(A)(iv), provided that any such persons first execute the Confidentiality Undertaking in Exhibit A and the executed Confidentiality Undertaking is provided to the Producing Party before the disclosure is made. Disclosures under this sub-paragraph are to be made only to the extent necessary to perform an insurer's duties and obligations to a Party;

4.      Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which the Lawsuit is pending including any appellate Court, and the jury, if any;

5.      court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in the Lawsuit;

6.      consultants (not including trial and jury consultants), or experts and their staff who are expressly retained or sought to be retained by an attorney described in subparagraph 1 or 2 of Section V.A to provide assistance in the Lawsuit, provided that any such persons first execute the Confidentiality Undertaking in Exhibit A and the executed Confidentiality Undertaking is provided to the Producing Party before the disclosure is made. Disclosures under this sub-paragraph are to be made only to the extent necessary to perform such work;

7.      any person who authored and/or received the particular HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received the particular HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information sought to be disclosed to that witness;

11

8.    litigation support vendors retained by counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in the Lawsuit, to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

9.    mock jurors, trial consultants, and jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror, trial consultant, or jury consultant who is employed or affiliated with or who knows any person employed by or affiliated with either Party to the Lawsuit; (ii) mock jurors, trial consultants, and jury consultants will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) any such persons first execute the Confidentiality Undertaking in Exhibit A; and

10.    persons who have been retained by a Party to provide translation or interpretation from one language to another, provided that such translators execute the Confidentiality Undertaking in Exhibit A.

## VI.    COURT PROCEDURES

Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3

## VII.    PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

At the written request of the Receiving Party, the Producing Party may agree in writing to allow the Receiving Party to disclose to a specified third party any of the Producing Party's Designated Material identified in the written request.

## VIII.   UNINTENTIONAL FAILURE TO DESIGNATE

If any Producing Party discovers that it has inadvertently failed to designate and mark any Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY upon receipt of written notice from the Producing Party. Disclosure of such Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.

However, in the event the material has been distributed in a manner inconsistent with the later-applied designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, *i.e.*, by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Discovery Material and advising the persons to whom disclosure was made that the Producing Party has designated the material as confidential and that such material must be treated as provided in the Order unless otherwise agreed by the Parties or ordered by the Court.

## IX.   UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT MATERIAL

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of any discovery material by any Party, whether inadvertent or not, shall be without prejudice to any subsequent claim by the Producing Party that such discovery material is privileged or attorney work product, and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the Court, or any other federal or state proceeding.

The Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be destroyed or returned to the Producing Party. Unless the Producing Party claims that the entire document is subject to a claim of attorney-client privilege or work product immunity, the Producing Party shall, together with its written notice, produce a copy of the document with the claimed privileged material redacted.

Within five (5) business days of receiving written notice and a copy of the document with claimed privileged material redacted, the Receiving Party shall return or destroy all copies of such document, along with any notes or other work product reflecting the contents of such document, and shall destroy all excerpts thereof. No use shall be made of such materials during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them before the request to return or destroy.

Return or destruction of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity. If the Receiving Party believes that the document is not subject to the protections of the attorney-client privilege or work product immunity, the Receiving Party will contact counsel for the Producing Party within five (5) business days of receiving written notice from the Producing Party that the document is subject to a claim of attorney-client privilege or work product immunity so that the Parties' counsel may meet and confer on the matter. If the Parties cannot resolve the dispute, they will jointly request an in-camera review of the materials in question by the Court.

The Parties agree that employing electronic keyword searching to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under Federal Rule of Evidence 502(b)(2).

Unless previously waived, the inadvertent disclosure of any documents subject to a privilege or immunity shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

## X.    RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS

### A.    No Limitation of Other Rights

This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

### B.    Release from or Modification of This Order

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information, or to seek relief from inadvertent disclosure of privileged or work product information. This Order does not preclude all of the Parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review.

### C.    Admissibility and No Admissions

Nothing herein shall be construed to affect in any way the evidentiary admissibility or relevance of any document, testimony, or other matter at any court proceeding related to this matter. Neither designation or lack of designation of documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," nor agreeing to treat documents produced under those designations pursuant to this Agreement,

constitutes any admission or acknowledgement that any such documents or information do or do not constitute trade secrets or proprietary information or do or do not enjoy any other legal status, and is inadmissible for any such purpose.

### D. Non-Party Request/Subpoena of Designated Material

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to counsel of record for the Producing Party (or, if the Producing Party is not represented by counsel in this Lawsuit, to the Producing Party itself) within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

### E. Counsel's Right to Provide Advice

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to the Lawsuit, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

### F.    Privileged and Irrelevant Materials

Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

### G.    Notice

Transmission by overnight courier, facsimile or electronic mail is acceptable for all notification purposes, provided that, with regard to electronic mail, all counsel of record are included on the notification.

## XI.    FINAL DISPOSITION

Upon final termination of the Lawsuit, and exhaustion of all avenues of appeal, each Receiving Party must either (i) assemble and return to the appropriate Producing Party or (ii) destroy, and subsequently certify to the Producing Party destruction of, all Designated Material (except attorney work product) and all copies thereof within ninety (90) days of the conclusion of this Lawsuit. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers (including exhibits), transcripts, deposition exhibits, hearing exhibits, trial exhibits, legal memoranda, correspondence, attorney work product, and Designated Material.

## XII.    TERMINATION

The termination of the Lawsuit shall not automatically terminate the effectiveness of this Order, and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

### XIII.  USE AT TRIAL

This Order is not intended to govern the use of Designated Material at the trial of the Lawsuit. Procedures governing the use of Designated Material at trial, if necessary, will be established by separate order, pursuant to application by one or more of the Parties to the Court, or *sua sponte* pursuant to the Court's own procedures, and may be addressed at the pre-trial conference.

### XIV.  ACKNOWLEDGEMENT

The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-entitled Lawsuit is likely to involve the disclosure of confidential information, and good cause appearing,

Dated: June 9, 2025

Respectfully Submitted,

*/s/ John B. Williams*
John B. Williams (DC Bar #257667)
HARTY WILLIAMS, LLC
1629 K Street, N.W. Suite 300
Washington, D.C.  20006
Tel.: (202) 277-8435
Jbwilliams@hartylawgroup.com

Neil H. Koslowe (DC Bar #361792)
Potomac Law Group, PLLC
1717 Pennsylvania Avenue, N.W.
Suite 1025
Washington, DC 20006
Tel.: (202) 320-8907
nkoslowe@potomaclaw.com

*Counsel for Plaintiff*

*/s/ Charles S. Baker*
Charles S. Baker *(pro hac vice)*
charles.baker@troutman.com
Ryan E. Dornberger *(pro hac vice)*
ryan.dornberger@troutman.com
Emma A. Bennett *(pro hac vice)*
emma.bennett@troutman.com
TROUTMAN PEPPER LOCKE LLP
600 Travis St., Suite 2800
Houston, Texas 77002
(713) 226-1200 Telephone
(214) 223-3717 Facsimile

Mark Hannemann
mark.hannemann@troutman.com
TROUTMAN PEPPER LOCKE LLP
200 Vesey St., 20th floor
New York, NY 10281
(212) 415-8600 Telephone
(212) 303-2754 Facsimile

Glenn Pudelka *(pro hac vice)*
glenn.pudelka@troutman.com
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue
9th Floor
Boston, MA 02199-7613
(617) 239 - 0100 Telephone
(617) 227 - 4420 Facsimile

**COUNSEL FOR DEFENDANT BTG PACTUAL ASSET MANAGEMENT US, LLC.**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DBW PARTNERS, LLC d/b/a THE CAPITOL FORUM, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| BTG PACTUAL ASSET MANAGEMENT US, LLC, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

Civil Action No. 1:24-cv-09836-LGS

**EXHIBIT A**
**CONFIDENTIALITY UNDERTAKING**

I, _____, state that:

My business address is _____.

My present employer and job description are_____

_____.

My relationship to the Parties to the above-captioned lawsuit is as follows:_____

_____

_____.

I have read and reviewed in its entirety the Protective Order ("Protective Order") entered

in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not

to disseminate or disclose any information subject to the Protective Order that I review or about

which I am told, to any person, entity, Party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this_____ day of _____ , 20_____.

_____
Name