Troutman Pepper Locke LLP
600 Travis St., Suite 2800
Houston, TX 77002

troutman.com

**Charles S. Baker**
D 713.226.1123
F 713.229.2660
charles.baker@troutman.com

July 29, 2025

**VIA ECF**

Hon. Lorna G. Schofield
U.S. District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Plaintiff shall file a response to Defendant's pre-motion letter by **August 1, 2025**. Defendant's proposed motion to compel will be discussed at the pre-motion conference scheduled for August 5, 2025, at 5:00 P.M. The parties are again encouraged to meet and confer in an effort to resolve this matter, in which case the conference will be cancelled.
>
> Dated: July 30, 2025
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**Re:** *DBW Partners, LLC d/b/a The Capitol Forum vs. BTG Pactual Asset Management US, LLC*; Case No. 24-cv-09836 — Letter Motion for Pre-Motion Discovery Conference

Dear Judge Schofield:

    We write to request a pre-motion discovery conference under Section III.C.3 of the Court's Individual Rules and Procedures for Civil Cases in this copyright infringement lawsuit brought by Plaintiff Capitol Forum. Capitol Forum and third-party Market Securities, LLC refuse to produce a complete version of a recent settlement agreement that covers the same allegedly infringed copyrighted works in this lawsuit. Instead of producing the complete agreement, Capitol Forum and Market Securities seek to redact the settlement amount, which is highly relevant to the valuation of the intellectual property asserted against BTG.

## Background

    Defendant BTG was a subscriber to Capitol Forum's publications starting in 2020. Capitol Forum alleges that BTG sent copyrighted articles to non-subscriber Market Securities in violation of its copyrights. Capitol Forum previously sued Market Securities for copyright infringement in the District of Columbia, which recently concluded with a settlement agreement. BTG was initially a defendant in the D.C. case but was dismissed for lack of personal jurisdiction prior to the settlement.

    BTG properly requested the production of all copyright infringement settlement agreements during the discovery period from Capitol Forum. Specifically, BTG's Second Set of Requests for Production, served on May 7, 2025, sought "All settlement agreements Capitol Forum has entered into with alleged copyright infringers." RFP No. 41. Capitol Forum responded by stating, "Capitol Forum objects on the grounds of relevance—Rule 408." Despite this objection, Capitol Forum has produced several copyright infringement settlement agreements, most of which were unredacted, while one other had the settlement amount redacted.

BTG now seeks the production of the full settlement agreement with Market Securities. Despite the protections offered by the Court's protective order (Dkt. No. 42), both Plaintiff Capitol Forum and third-party Market Securities refuse to produce the complete settlement agreement including the unredacted settlement amount. As argued below, the settlement amount is relevant under the applicable case law for copyright infringement cases and any confidentiality concerns can be mitigated by designating the document under the protective order.

## Argument

Settlement agreements in the Southern District of New York are generally discoverable. *See Wenger S.A. v. Olivet Int'l, Inc.*, No. 20-cv-01107, 2024 U.S. Dist. LEXIS 116730, at *7 (S.D.N.Y. May 31, 2024) (holding that the "broad right of discovery" under Federal Rule of Civil Procedure 26 "includes the discovery of settlement agreements"). As recognized by courts in this district as well as others, settlement agreements are particularly relevant in the valuation of intellectual property. *Smith v. NBC Universal*, No. 06-cv-5350 (SAS), 2008 WL 483604, at *4 (S.D.N.Y Feb. 22, 2008) (Judge Scheindlin finding that "evidence of the [copyright] settlements and their amounts are relevant to a determination of the amount of statutory damages and are therefore admissible"); *Yang v. Daily Wire, LLC*, No. 3:19-cv-1146-G-BN, 2019 WL 13194127, at *9 (N.D. Tex. Nov. 7, 2019) (finding that "the amounts Yang has received to resolve other copyright claims as to the same photograph are relevant to his claim here" and that "any concerns as to confidentiality [can be addressed] by using the Agreed Protective Order").

Here, the settlement amount is highly relevant given that the same copyrighted works were alleged to be infringed against both Market Securities and BTG. The amount is thus relevant to determining the proper amount of statutory damages in this case. *See Smith,* 2008 WL 483604, at *4; *see generally Lifeguard Licensing Corp. v. Kozak*, No. 15-cv-8459(LGS)(JCF), 2016 WL 4733157, at *5 (S.D.N.Y. Sept. 9, 2016*)* ("Moreover, in this district, settlement agreements have been held to be relevant to the issue of damages in intellectual property cases.")*, aff'd sub nom. Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co.*, No. 15-cv-8459 (LGS), 2016 WL 5936887 (S.D.N.Y. Oct. 11, 2016). Moreover, given Plaintiff's outsized demand of over $20 million in statutory damages against BTG, production of the unredacted settlement agreement from Market Securities is proportional to the needs of the case under Federal Rule of Civil Procedure 26, especially when considering the amount in controversy and the small burden on Capitol Forum and Market Securities of producing the agreement.

Pursuant to the Local Rules and Your Honor's Individual Practices, BTG certifies that a good faith attempt to resolve this discovery dispute was made through a meet and confer with Capitol Forum's counsel and Market Securities' counsel. Despite these efforts, the parties were unable to reach an agreement regarding the production of the complete settlement agreement, necessitating the filing of this motion.

For the foregoing reasons, BTG respectfully requests that the Court set a pre-motion discovery conference at its earliest convenience[1] regarding Capitol Forum's failure to produce the unredacted settlement agreement between Capitol Forum and Market Securities. BTG believes the settlement agreement is discoverable and production of the agreement is both relevant to the claims and proportional to the needs of the case. Furthermore, production under the Court's protective order is more than adequate in protecting any confidentiality interests by Plaintiff Capitol Forum and third-party Market Securities.

Respectfully,

TROUTMAN PEPPER LOCKE LLP

By: */s/ Charles S. Baker*
    Charles S. Baker

cc: Counsel of Record, via ECF

Kerry B. Brownlee (via E-mail)
Attorney for Third-Party Market Securities, LLC
Epstein Drangel LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
kbrownlee@ipcounselors.com

---

[1] The Court recently set a discovery dispute conference for Tuesday, August 5, 2025 concerning Capitol Forum's discovery letter regarding its 169 Requests for Admission (Dkt. Nos. 46 and 47).