

August 4, 2025

**VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

   Re: *DBW Partners LLC. v. BTG Pactual Asset Management US L.L.C.*
     Civil Action No. 24-cv-09836-LGS
     Letter In Support of Motion to Seal/Redact

Dear Judge Schofield,

  Our firm represents Market Securities, LLC ("Market Securities"), which is not a party to the above-referenced case, but is appearing, through counsel, in accordance with Your Honor's Individual Rules and Procedures for Civil Cases (the "Individual Rule(s)") for the limited and sole purpose[1] of respectfully requesting that this Court maintain the confidential treatment of its documents. More specifically, on August 1, 2025, Defendant BTG Pactual Asset Management US L.L.C. ("BTG") filed a letter requesting leave to seal limited redacted portions of Plaintiff DBW Partners LLC d/b/a The Capitol Forum's (the "Capitol Forum") requests for admission (the "Requests for Admission") because they contain Market Securities' confidential information (*Dkt. No. 51*). Your Honor's Individual Rule I(D)(3) provides that if a party with an interest in confidential treatment is not the filing party, the interested party must "promptly file a letter on ECF within two business days in support of the motion [seeking approval to redact information from a publicly filed document]", and Market Securities hereby submits the instant letter.

  On May 13, 2022, Capitol Forum filed a lawsuit against Market Securities—a financial services broker—in the United States District Court for the District of Columbia, Civil Action No. 22-cv-01333-BAH (the "DC Action"), which has now been fully resolved, with a stipulation of

---

[1] BTG has filed a pre-motion letter seeking to compel Capitol Forum and Market Securities to produce a settlement agreement among them in unredacted form (*Dkt. No. 48*), which has been opposed by Capitol Forum (*Dkt. No. 50*). To be clear, said settlement agreement is not responsive to any subpoena that has been served on Market Securities in connection with this action and as such, Market Securities is not under any legal obligation to produce the same. Regardless, the production of said agreement is only a live controversy among Capitol Forum and BTG and as such, unless the Court desires and orders otherwise, Market Securities does not believe it is required to appear in this action in relation to that dispute.

dismissal with prejudice having been filed on June 24, 2025. In discovery in the DC Action, Market Securities produced, among other things, a high volume of chat data from the Bloomberg Terminal (collectively, the "Chat Data"), which is one of the primary ways that Market Securities communicates internally, as well as with its clients. The Chat Data is not only voluminous, but also includes a litany of personal, and commercially-sensitive information regarding Market Securities' business, and its clients. Accordingly, the Chat Data was designated as Attorneys' Eyes Only pursuant to the Protective Order entered in the DC Action. In connection with the instant action, in April 2025, Capitol Forum served Market Securities with a subpoena wherein it requested "[a]ll electronic records produced by Market Securities" to Capitol Forum in the DC Action. On or about May 8, 2025, Market Securities produced such records, including the Chat Data, with the explicit understanding that all documents would be treated as designated under the Protective Order in the DC Action, given that a protective order had not yet been entered in the instant action.

On or about July 28, 2025, in this action, Capitol Forum filed a pre-motion letter regarding an anticipated motion to compel BTG to answer its Requests for Admission. In opposition thereto, BTG sought to file the Requests for Admission, which contain a number of chats that Capitol Forum seemingly copied and pasted from the Chat Data, as an exhibit. Prior to filing the foregoing, Market Securities and BTG, through their counsel, conferred, and Market Securities consented to the filing of the Requests for Admission in public view, provided that the Attorneys' Eyes Only portions thereof—namely, identifying information for Market Securities' clients (other than BTG and its employees),[2] including names and in a few cases, phone numbers—be redacted.

When assessing whether or not a document is to be sealed or redacted, a court first needs to assess whether documents qualify as "judicial documents", which are "relevant to the performance of judicial functions and useful in judicial processes." *Guild v. Openai Inc.*, No. 23-cv-8292 (SHS) (OTW); 23-cv-10211 (SHS) (OTW); 24-cv-84 (SHS) (OTW); 23-cv-11195 (SHS) (OTW); 24-cv-3285 (SHS) (OTW); 24-cv-4872 (SHS) (OTW), 2025 U.S. Dist. LEXIS 5365, at *15 (S.D.N.Y. Jan. 10, 2025). "Documents that are 'simply passed between the parties in discovery' are not ordinarily considered judicial documents. . . This does not change when a Court assesses such documents in a discovery motion." *Id.* at *16 (internal citation omitted) (granting motion to seal documents exchanged during discovery and designated pursuant to the relevant protective order finding "they [were] non-judicial documents to which the confidentiality agreement may fairly apply with no countervailing public access right.") (internal citations omitted). Given this, the Requests for Admission, which are discovery requests that embed portions of Market Securities' documents from discovery in the DC Action, are unlikely to qualify as judicial documents.

Regardless, even if the Requests for Admission qualify as judicial documents, the presumption of public access to judicial documents "is to be balanced against countervailing factors, such as whether the materials at issue contain commercially sensitive and proprietary information." *Better Holdco, Inc. v. Beeline Loans, Inc.*, 2022 U.S. Dist. LEXIS 129635, at *2 (S.D.N.Y. July 14, 2022). The identities of Market Securities' clients (i.e., its client list) constitutes proprietary information, and the disclosure of such information, particularly when Market Securities is not a party to the instant action, could cause significant harm to Market Securities'

---

[2] The name of a competitor, who is not a client, is also redacted from a few chats.

business and reputation. Accordingly, Market Securities respectfully submits that there is just cause for redacting the Requests for Admission, and maintaining the unredacted Requests for Admission under seal. *See, e.g., Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3639 (RJS), 2016 U.S. Dist. LEXIS 190345, 2016 WL 8814349, at *2 and *6 (S.D.N.Y. June 20, 2016) (finding balance of interests weighed in favor of keeping client list under seal since it contained "sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm"); and *Shah v. Levy*, No. 13-CV-02975 (LGS)(SN), 2015 U.S. Dist. LEXIS 202094 (S.D.N.Y. Dec. 11, 2015) (permitting parties to continue redacting the names of their clients and instead, referring to said clients by assigned numbers).

We thank the Court for its time and consideration.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: S/ *Kerry B. Brownlee*
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorney for Market Securities LLC*