```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DBW PARTNERS LLC,                                           :
                                                            :    24 Civ. 9836 (LGS)
                                       Plaintiff,           :
                                                            :           ORDER
                   -against-                                :
                                                            :
BTG PACTUAL ASSET MANAGEMENT US                             :
L.L.C.,                                                     :
                                                            :
                                       Defendant.           :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant filed a motion to seal material submitted in connection with Defendant's opposition to a motion to compel filed by Plaintiff.  Defendant sought to redact material included in Requests for Admission served by Plaintiff, to which Plaintiff sought to compel a response.  Although Defendant "does not have an interest in the confidentiality of the redacted information," it redacted the material at the request of non-party Market Securities on the understanding that "the requested redactions relate to the identity and business records of Market Securities' clients."

WHEREAS, Market Securities submitted two letters in support of Defendant's motion to seal.  In the second letter, Market Securities represented that the redactions were limited to identifying information of Market Securities's actual and potential clients, save for two names which had been inadvertently redacted.

WHEREAS, Plaintiff does not oppose the motion "to the extent [the motion] requests the sealing of redacted portions of" the exhibit "that contain identifying information for Market Securities' clients," but states that "information identifying [Plaintiff's] clients should be sealed as well."  Plaintiff has not requested any specific redactions, nor has Plaintiff specifically argued that any proposed redaction is overbroad.

WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a judicial document subject to the [presumed] right of public access,"[1] meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.*  The third step is to balance against the presumption any "competing considerations" such as "the privacy interests of those resisting disclosure."  *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access."  *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).  Examples of "higher values" include "the privacy interests of innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025); *see also Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) (granting sealing of lists of current and prospective clients).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

WHEREAS, the Requests for Admission, as exhibits to Defendant's opposition to Plaintiff's motion to compel, are judicial documents. "[M]aterials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser -- but still substantial -- presumption of public access." *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019); *accord Ayrton Cap. LLC*, 2025 WL 1745680, at *2.

WHEREAS, "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" for sealing information. *Amodeo*, 71 F.3d at 1051-52 (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79-80 (2d Cir. 1990)); *see also Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264 (S.D.N.Y. June 17, 2020) ("[P]rotecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents.") Here, non-party Market Securities requests to seal "personal, and commercially-sensitive information regarding Market Securities' business, and its clients." Market Securities represents that the information sought to be redacted is limited to identifying information, including names and phone numbers, of Market Securities clients and client employees, and identifying information of a prospective client. A review of the proposed redactions shows that they are limited and appear to be consistent with Market Securities's representation. Sealing of this information is proper to protect Market Securities's confidential client information from public disclosure, particularly for a document submitted in connection with a discovery dispute holding a "lesser" yet "still substantial" presumption of public access. *Brown*, 929 F.3d at 53.

WHEREAS, although Plaintiff did not specifically request any redactions, Plaintiff requests that "information identifying [Plaintiff's] clients be sealed as well." Even if Plaintiff had properly made a request to redact any information, the considerations governing sealing would be different if Plaintiff's client lists were at issue. Unlike Market Securities, Plaintiff is a party to this litigation. It is hereby

3

**ORDERED** that Defendant's motion to seal is **DENIED** as to the two inadvertent redactions that Market Securities identified on pages 124 and 137 of the exhibit, and is otherwise **GRANTED**.  By October 31, 2025, Defendant shall refile the document omitting those redactions.  This ruling is not determinative of sealing the same or similar information at a later stage of proceedings when the public right to access may be greater depending on the nature of the proceedings and the importance to those proceedings of the material sought to be filed under seal.

The Clerk of Court is respectfully directed to close the motion at Dkt. 51.

Dated: October 24, 2025
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**