UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
DBW PARTNERS LLC,                                   :
                                                    :
                                                    :
                              Plaintiff,            :
                                                    :          24 Civ. 9836 (LGS)
               -against-                            :
                                                    :          **ORDER**
                                                    :
BTG PACTUAL ASSET MANAGEMENT US                     :
L.L.C.,                                             :
                                                    :
                                                    :
                              Defendant.            :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

     WHEREAS, the parties move to seal documents filed in connection with Defendant's

motion for summary judgment.  Plaintiff seeks to seal Defendant's memorandum of law in

support of Defendant's motion, Defendant's Rule 56.1 statement and exhibits filed in connection

with Defendant's motion.  Defendant and non-party Market Securities, LLC ("Market

Securities") seek to seal exhibits filed in connection with Plaintiff's opposition.

     WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v.*

*Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is

"a judicial document subject to the [presumed] right of public access,"[1] meaning that the

document is "relevant to the performance of the judicial function and useful in the judicial

process." *Lugosch*, 435 F.3d at 119.  The second step, if the presumption attaches, is to

determine the weight of the presumption by assessing "the role of the material at issue in the

exercise of Article III judicial power and the resultant value of such information to those

monitoring the federal courts." *Id.*  The third step is to balance against the presumption any

"competing considerations" such as "the privacy interests of those resisting disclosure." *Id.*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and
citations are omitted, and all alterations are adopted.

at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).  Examples of "higher values" include "the privacy interests of innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025); *see also Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) (granting sealing of lists of current and prospective clients).  "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, all documents the parties seek to seal are judicial documents to which the presumption of public access attaches because they are documents filed in connection with Defendant's motion for summary judgment.  *See Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); *Lugosch*, 435 F.3d at 121.

**Plaintiff's Financial Information**

WHEREAS, Plaintiff seeks to redact portions of documents filed by Defendant "containing confidential [Plaintiff] financial and client identification information."

WHEREAS, with respect to Plaintiff's confidential financial information, with one exception noted below, Plaintiff's request is granted.  The relevance of Plaintiff's specific

financial data to Defendant's motion is low, the potential harm to Plaintiff from disclosure of such information could be significant and the proposed redactions are narrowly tailored to protect against competitive harm. *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 Civ. 10832, 2023 WL 3477552, at *4-5 (S.D.N.Y. May 16, 2023) (granting redaction of defendants' internal financial information in connection with motion for summary judgment).

WHEREAS, with respect to the proposed redactions to Defendant's memorandum of law, Defendant's Rule 56.1 Statement and lines 114:9-12 of the August 15, 2025, deposition transcript of Theodore Downey, Plaintiff's motion is denied. Plaintiff has waived any privacy interest in the redacted material by disclosing the same information -- that the "vast majority" of Plaintiff's revenue comes from financial industry subscribers -- on the public docket in paragraph 11 of Plaintiff's Rule 56.1 counterstatement. *See Trott v. Deutsche Bank, AG*, No. 20 Civ. 10299, 2025 WL 2775990, at *10 (S.D.N.Y. Sept. 30, 2025) (denying sealing as to information that "was already made public"). Additionally, this generic statement does not reveal any of Plaintiff's specific financial information and is relevant to Defendant's arguments in support of summary judgment. The potential for harm to Plaintiff from disclosure is low, and the presumption of public access to this information is stronger than the rest of the information at issue.

**Plaintiff's Client Identification Information**

WHEREAS, with respect to Plaintiff's client identification information, Plaintiff's motion is denied without prejudice to renewal. Plaintiff does not explain why disclosure of this information would harm Plaintiff. Plaintiff relies on a letter previously submitted by non-party Market Securities seeking to seal Market Securities' client information in connection with a discovery dispute. However, the presumption of public access is greater for documents submitted in connection with a dispositive motion, as opposed to a discovery motion, and for information that relates to a party to litigation, as opposed to a non-party. *See Brown*, 929 F.3d

3

at 47 (2d Cir. 2019) (holding that "a strong presumption of access attaches" to documents submitted in connection with motion for summary judgment); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("[P]rotecting the privacy interests of *non-parties*, including their business and financial records, represents a legitimate basis for sealing judicial documents." (emphasis added)).

WHEREAS, without some explanation of harm, Plaintiff has not provided a basis for the "specific, on the record" findings necessary to seal these documents. *Lugosch*, 435 F.3d at 120; *cf., e.g.*, *Oliver Wyman*, 282 F. Supp. 3d at 707 (granting sealing of plaintiff consulting firm's client lists submitted in connection with summary judgment motion based on client declarations detailing potential harm). Additionally, Plaintiff's client information is arguably relevant to Defendant's summary judgment motion; for instance, Defendant argues that Plaintiff's claims are time barred because of previous instances of Plaintiff's subscribers infringing Plaintiff's copyrighted material, and because a subscriber notified Plaintiff of Market Securities' alleged infringements in dispute in this action in October 2021. *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16 Civ. 3639, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting sealing of client list, but denying sealing as to letter including names of clients directly relevant to dispute).

**Defendant's Motion**

WHEREAS, Defendant seeks to redact one document reflecting "irrelevant" portions of Defendant's "non-public, proprietary internal business policies" which, "if disclosed[,] could harm" Defendant. This motion is granted. The requested redactions are narrowly tailored to protect against competitive harm.

**Market Securities' Motion**

WHEREAS, Market Securities seeks to redact the name of a Market Securities client in one document, arguing that such information is Market Securities' confidential business

information, and disclosure of such information "could cause significant harm to Market

Securities' business and reputation."  This motion is granted.  Market Securities' proposed

redactions are narrowly tailored to protect against competitive harm, and sealing is warranted in

light of Market Securities' non-party status.  *See Telegram Grp.*, 2020 WL 3264264 at *3.  It is

hereby

ORDERED that Defendant's motion to seal at Dkt. 72 is **DENIED** as to the

memorandum of law and Rule 56.1 statement, **GRANTED** as to the requested redactions of

Plaintiff's financial information and otherwise **DENIED** without prejudice to renewal.  By **June**

**30, 2026**, Plaintiff shall file a renewed motion to seal addressing the deficiencies identified above

with respect to identifying information of Plaintiff's clients.  If Plaintiff does not file such

motion, Defendant will be directed to refile the exhibits omitting redactions of Plaintiff's clients'

identifying information.  It is further

ORDERED that Plaintiff's motion to seal at Dkt. 94 is **DENIED** as superseded by

Defendant's and Market Securities' motions to seal at Dkts. 96 and 97, which are **GRANTED**.

By **June 23, 2026**, Plaintiff shall refile Dkts. 91-5 and 91-7 according to Defendant's and Market

Securities' proposed redactions.

The Clerk of Court is respectfully directed to lift the seal on Dkts. 74 and 75.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 51, 72, 94

and 97.

Dated:  June 16, 2026
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

5