UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
DBW PARTNERS LLC,                                            :
                                                            :
                              Plaintiff,                    :
                                                            :          24 Civ. 9836 (LGS)
              -against-                                     :
                                                            :          **<u>OPINION & ORDER</u>**
BTG PACTUAL ASSET MANAGEMENT US                             :
L.L.C.,                                                     :
                                                            :
                              Defendant.                    :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Plaintiff DBW Partners LLC, doing business as Capitol Forum ("Capitol Forum"), brings

this action for violations of the Copyright Act, 17 U.S.C. §§ 101-1511, against Defendant BTG

Pactual Asset Management US L.L.C. ("BTG").  Defendant moves for summary judgment on all

claims on the ground that Plaintiff's claims are time barred.  For the reasons stated below,

Defendant's motion is granted.

**I.      BACKGROUND**

The following facts are taken from the parties' submissions, construed in the light most

favorable to Plaintiff as the non-moving party.  *See Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 354

(2d Cir. 2021).

Plaintiff is a subscription-based media company that issues publications relating to issues

of interest to the financial industry, including mergers and acquisitions, antitrust enforcement and

corporate investigations.  In 2016 and 2017, Plaintiff discovered that multiple financial industry

subscribers had previously shared and were sharing Plaintiff's copyrighted publications with

third parties without authorization.  In response, Plaintiff implemented additional safeguards to

prevent, deter and detect copyright infringement.

On October 25, 2021, one of Plaintiff's subscribers informed Plaintiff that Market Securities, LLC ("Market Securities"), a non-party to this action, "posts summaries of Cap Forum reports," and had posted one that day that was "really specific and detailed."  That subscriber forwarded two additional instances of suspected republication by Market Securities on October 26, 2021, and October 27, 2021.  Based on these reports, on October 27, 2021, Plaintiff's Chief Revenue Officer wrote to other Plaintiff personnel that "a subscriber [is] sharing the whole pieces without any doubts."  The same day, Plaintiff's outside counsel sent Market Securities a letter stating that "Capitol Forum has recently become aware that Market Securities L.L.C. has been systematically infringing its registered copyrights and has done so by routinely providing abstracts of Capitol Forum's copyrighted materials to its own clients" and "regularly obtaining unauthorized copies of Capitol Forum's copyrighted materials after they are distributed to Capitol Forum subscribers," and "demand[ing]" that "Market Securities immediately cease and desist from any further copying and distribution of Capitol Forum's copyrighted material" and "preserve all documents in its possession that relate to this copying and distribution."

On May 13, 2022, Plaintiff sued Market Securities in the United States District Court for the District of Columbia ("D.D.C.").  *DBW Partners, LLC v. Mkt. Sec., L.L.C.*, No. 22 Civ. 1333 (D.D.C.).  Through discovery in that action, Plaintiff learned that Market Securities had obtained copies of Plaintiff's publications, which indicated they came from BTG.  On September 11, 2023, Plaintiff amended the complaint in that action to add BTG as a defendant.  BTG successfully moved for dismissal for lack of personal jurisdiction.  *DBW Partners, LLC v. Mkt. Sec., L.L.C.*, No. 22 Civ. 1333, 2024 WL 3741414, at *1 (D.D.C. Aug. 10, 2024).  In that action, Plaintiff had opposed BTG's alternative request to transfer Plaintiff's claims against BTG to the Southern District of New York.  *Id.* at *16 n.5.  Plaintiff filed the instant action against BTG on

December 16, 2024, asserting claims for copyright infringement (Claim I) and distribution of copyright material knowing that copyright management information was altered or removed (Claim II).

## II.    LEGAL STANDARD

In evaluating a motion for summary judgment, a court must "construe the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Torcivia*, 17 F.4th at 354.[1]  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[A] genuine dispute as to a material fact precludes summary judgment where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Capitol Recs., LLC v. Vimeo, Inc.*, 125 F.4th 409, 418 (2d Cir.), *amended on reh'g on other grounds*, 151 F.4th 13 (2d Cir. 2025).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Saleem v. Corp. Transp. Grp.*, 854 F.3d 131, 148 (2d Cir. 2017).

When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by citing materials in the record. Fed. R. Civ. P. 56(c)(1)(A).  "A party opposing summary judgment normally does not show the existence of a genuine issue of fact to be tried merely by making assertions that are based on speculation or are conclusory." *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021).  Local Rule 56.1(b) requires the non-moving party to admit or deny each statement of material fact proffered,

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

with each denial "followed by citation to evidence that would be admissible." Local Civ. R. 56.1(b)-(d). When a non-movant fails to support its purported denial of a Statement of Fact with admissible evidence, that fact "will be deemed to be admitted for the purposes of the motion." *Id*. R. 56.1(c). Where "the record does not support the assertions . . . those assertions should be disregarded." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *accord Chinese Am. Citizens All. Greater New York v. N.Y.C. Dep't of Educ.*, 802 F. Supp. 3d 483, 501 (S.D.N.Y. 2025).

## III.    DISCUSSION

Defendant's motion for summary judgment is granted on the copyright infringement claim because it is time barred. On the record evidence, no reasonable jury could find that Plaintiff (1) discovered Defendant's infringement of Plaintiff's copyrights later than October 27, 2021, or (2) is entitled to equitable tolling. Summary judgment is granted on the claim for distribution of copyright material knowing that copyright management information was altered or removed because the claim is deemed abandoned.

### A.  Copyright Infringement (Claim I)

#### 1.  Statute of Limitations

The copyright infringement claim is time barred. The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The Second Circuit has held that the so-called discovery rule governs when a claim for copyright infringement accrues -- that is, such a claim accrues when the "copyright holder discovers, or with due diligence should have discovered, the infringement." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024) (quoting *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir.

2014)), *cert. denied*, 145 S. Ct. 2792 (2025).  Plaintiff filed this action against BTG on December 16, 2024.  Based on the undisputed facts recited above, no reasonable jury could find that Plaintiff first discovered that its copyrights had been infringed only on or after December 16, 2021.

On October 25, 2021, Plaintiff learned from a subscriber that Market Securities was infringing its copyrights.  On October 27, 2021, Plaintiff's Chief Revenue Officer emailed other Plaintiff personnel stating "without any doubts" that "a subscriber [was] sharing the whole pieces" with Market Securities.  In his deposition in this case, he explained that "the only way you can get hands on the full article is if someone that has access to the full article [is] sending it.  And the only people that have access to full articles are The Capitol Forum employees and our subscribers."  The same day, Plaintiff sent Market Securities a letter stating that Market Securities was "regularly obtaining unauthorized copies of Capitol Forum's copyrighted materials after they are distributed to Capitol Forum subscribers."  No reasonable jury viewing this evidence could conclude that Plaintiff first had actual knowledge of Defendant's copyright infringement any later than October 2021.

Plaintiff disputes when a copyright claim accrues.  Plaintiff argues that a plaintiff must have actual or constructive knowledge not only of the infringement, but also of the identity of the infringer, for a cause of action under the Copyright Act to accrue.  This argument is incorrect.  First, the plain language in *Grecco* suggests that the limitations period on a copyright claim begins to run with discovery of the "infringement" -- not discovery of all the elements necessary to bring a claim, or some other language that might include discovery of the defendant.  112 F.4th at 150.  Second, the Court of Appeals has clarified application of the discovery rule.  In *Levy v. BASF Metals Ltd.*, 917 F.3d 106, 108 (2d Cir. 2019) (per curiam), the Second Circuit

5

held that, under the discovery rule, "it is discovery of the injury, not discovery of the other elements of a claim that starts the clock." *Id*. The "relevant inquiry" is when a plaintiff discovers the "injury" -- not "whether [the plaintiff] had discovered the identity of the defendants or whether she had discovered the . . . scheme she alleges in her complaint." *Id*.

In *Levy*, the Second Circuit addressed the plaintiff's claims under the Commodity Exchange Act, 7 U.S.C. §§ 1-27f ("CEA"). The plaintiff in *Levy* alleged that the defendants had engaged in a scheme to manipulate the platinum market. *Id.* at 107-08. The court held that the plaintiff had actual knowledge of her injury when there was a "sudden drop in price" for which there was "no explanation . . . other than market distortion due to manipulation." *Id.* at 109. The court rejected the plaintiff's argument that her claim did not accrue until years later, when she discovered the defendants' identities and the existence of the scheme. *Id.* at 108. Other courts have applied the same rule to other statutes, finding that the limitations period begins to run when the plaintiff had actual or constructive knowledge of the injury, despite not knowing the identity of the defendant. *Zappin v. Cooper*, No. 23-671, 2024 WL 3250475, at *2 (2d Cir. July 1, 2024) (summary order) (RICO); *Behrens v. JPMorgan Chase Bank, N.A.*, No. 21-2603, 2024 WL 1090856, at *1 (2d Cir. Mar. 13, 2024) (summary order) (CEA and RICO); *Roeder v. J.P. Morgan Chase & Co.*, No. 21-552, 2022 WL 211702, at *1 (2d Cir. Jan. 25, 2022) (summary order) (42 U.S.C. § 1985); *Ugo-Alum v. New York State Dep't of Motor Vehicles*, No. 23 Civ. 7458, 2024 WL 3553168, at *12 (S.D.N.Y. July 26, 2024) (42 U.S.C. § 1983). Applying *Levy* to the Copyright Act, Plaintiff's knowledge of the infringement -- even without knowledge of the identity of the infringer -- begins the statute of limitations clock. In this case, that clock began to run in October 2021, more than three years before the copyright claim was filed.

Plaintiff's contrary arguments lack merit.  The only case Plaintiff cites that squarely states otherwise is the Third Circuit's unpublished opinion in *American Board of Internal Medicine v. Rushford*, 841 F. App'x 440 (3d Cir. 2020).  *See id.* at 443 (holding that district court erred in applying injury rule and that copyright statute of limitations began to run when the plaintiff discovered the defendant's "intentionally concealed" identity).  That case is not binding here (or in the Third Circuit, as an unpublished opinion), and is contrary to *Levy*, which is binding.  The remainder of Plaintiff's cited cases, which also are not binding here, do not support its position because they either stand for the general proposition that the discovery rule applies to claims for copyright infringement[2] or involve inapposite facts.[3]

Plaintiff also argues that binding precedent holds that a claim does not accrue under the discovery rule until the plaintiff knows or has the reasonable opportunity to discover the "critical facts" of the injury, including knowledge of the injurer.  *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998).  Plaintiff overreads this precedent.  In *Kronisch*, the Second Circuit states that the necessary "critical facts" are "knowledge of the injury's existence and knowledge of its cause *or* of the person or entity that inflicted it." *Id.* (emphasis added).  On its own terms, the decision does not require knowledge of the identity of the "person or entity that inflicted" the injury -- "knowledge of the injury's existence and knowledge of its cause" suffice.  *Id.  Kronisch*

---

[2] *See Motorola Solutions, Inc. v. Hytera Comm. Corp. Ltd.*, 108 F.4th 458, 479 (7th Cir. 2024) (holding that discovery rule applies to copyright infringement and does not preclude recovery for infringements that occurred more than three years before suit); *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023) (same), *aff'd*, 601 U.S. 366 (2024); *Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236, 1243-44 (9th Cir. 2022) (same).
[3] *See Everly v. Everly*, 958 F.3d 442, 450 (6th Cir. 2020) (stating that copyright co-ownership claim accrues "whenever there is a plain and express repudiation of ownership by one party as against the other"); *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 45 (1st Cir. 2008) (holding factual issues precluded summary judgment regarding whether architecture firm was on inquiry notice that former client had infringed copyrighted building plans by providing plans to different firm).

is consistent with the discovery rule as stated in *Levy*.  *See Levy*, 917 F.3d at 109 (holding the plaintiff had actual knowledge when she discovered a "sudden drop in price" for which there was "no explanation . . . other than market distortion due to manipulation"); *see also, e.g.*, *Behrens*, 2024 WL 1090856, at *1 (holding that plaintiffs had actual notice of their injuries under CEA and RICO when plaintiffs learned that their investments were "wiped out").

Plaintiff further argues that this interpretation of the discovery rule "makes no sense," as a copyright plaintiff cannot bring a lawsuit if the plaintiff does not know and cannot know the identity of the infringer.  This argument is unavailing.  "[P]olicy concerns . . . cannot surmount the plain language of the statute . . . ."  *Republic of Hungary v. Simon*, 604 U.S. 115, 138 (2025).  Under the Copyright Act and binding precedent analyzing the discovery rule, once a plaintiff is "aware of [an] injury," the Copyright Act gives that plaintiff three years "to ascertain the facts necessary to bring . . . suit."  *Levy*, 917 F.3d at 109; *see Psihoyos*, 748 F.3d at 125 (holding that "the text and structure of the Copyright Act . . . evince Congress's intent to employ the discovery rule").

Plaintiff argues that Defendant's position is foreclosed because Defendant stated that it does not dispute that Plaintiff "did not know of BTG's copyright violations until 2023" in Defendant's 30(b)(6) deposition in this case.  This argument is unpersuasive because this statement of Defendant's legal position does not create a material factual dispute regarding Plaintiff's knowledge.  Although 30(b)(6) testimony is "binding in the sense that whatever its deponent says can be used against the organization," it is "not 'binding' in the sense that it precludes the deponent from correcting, explaining, or supplementing its statements."  *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 34 (2d Cir. 2015).  Defendant, through counsel, now disputes whether Plaintiff "actually knew [before 2023] of the infringement by one or more of its

subscribers."  In addition, the deposition question is somewhat ambiguous.  The undisputed facts show that Plaintiff learned of the infringement -- if not BTG's identity as the infringer -- in October 2021.

### 2.  Equitable Tolling

Plaintiff argues that its suit is timely regardless of whether the statute of limitations has run because Plaintiff is entitled to equitable tolling.  This argument lacks merit because no reasonable factfinder could find that BTG's conduct prevented Plaintiff from filing within the limitations period.

"Statutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for lateness in filing."  *Saint-Jean v. Emigrant Mortg. Co.*, 129 F.4th 124, 142 (2d Cir. 2025), *cert. denied*, 146 S. Ct. 1501 (2026).  A plaintiff must show "first, that some extraordinary circumstance stood in her way and second that she has been pursuing her rights diligently."  *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (alterations omitted).  A plaintiff "must . . . demonstrate that those circumstances caused him to miss the original filing deadline."  *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021).  Equitable tolling is not available "if the party, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."  *Id.* at 145.  If both factual prerequisites are satisfied, granting equitable tolling "is a discretionary exercise of a court's equity powers."  *Doe*, 76 F.4th at 71.  Summary judgment is appropriate if no "reasonable district court acting in a fact-finding capacity could determine that the prerequisites to equitable tolling . . . are present on th[e] record."  *Id.*

Plaintiff asserts that Defendant fraudulently concealed its identity, which merits equitable tolling.  This argument is unavailing because no reasonable factfinder could find that any

9

fraudulent concealment by Defendant prevented Plaintiff from filing within the limitations period.  First, Plaintiff did sue Defendant within the limitations period in D.D.C.  Those claims were dismissed for lack of personal jurisdiction, and Plaintiff opposed transferring those timely filed claims to the Southern District of New York.  *DBW Partners*, 2024 WL 3741414, at *9, *16 n.5.

Second, Plaintiff's claims against Defendant in D.D.C. were dismissed on August 10, 2024.  *Id.* at *1.  The record does not contain any evidence showing why Plaintiff could not have re-filed its claims in this court by October 27, 2024.  By that point, Plaintiff undisputedly knew Defendant's indentity.  Any concealment by Defendant could not have "caused [Plaintiff] to miss the original filing deadline," and Plaintiff, "acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."  *Smalls*, 10 F.4th at 145.  On this record, no reasonable factfinder could find that the "prerequisites to equitable tolling" are satisfied.  *Doe*, 76 F.4th at 71.

### B.  Copyright Management Information Claim (Claim II)

Summary judgment is also granted for Defendant on Plaintiff's claim for distribution of copyright material knowing that copyright management information was altered or removed.  Defendant moved for summary judgment on all claims.  Plaintiff's opposition addresses only Plaintiff's claim for copyright infringement.  "[W]hen a counseled party moves for summary judgment, a partial response [by the non-movant] arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims."  *Moll v. Telesector Res. Grp., Inc.*, 94 F.4th 218, 257 (2d Cir. 2024); *see Kovaco v. Rockbestos-Surprenant Cable Corp.*, 834 F.3d 128, 143 (2d Cir. 2016) (holding claim abandoned when the defendant moved for summary judgment on "each of plaintiff's claims," but

10

the plaintiff's memorandum in opposition was "bereft of any mention of [some] claims, let alone argument why these claims should survive summary judgment").  Plaintiff's copyright management information claim is deemed abandoned.

### C. Defendant's Objections to Plaintiff's Declaration

Defendant objects to the declaration of Plaintiff's CEO, Theodore Downey, on the grounds that the declaration is not made on personal knowledge, relies on inadmissible hearsay and contains improper expert testimony.  Defendant also notes that the declaration exceeds the word and exhibit limits set by Individual Rule III.B.3.  Defendant's arguments need not be reached because, having considered Mr. Downey's declaration and the supporting exhibits, Defendant is still entitled to summary judgment.

## IV.    CONCLUSION

For the reasons stated, Defendant's motion for summary judgment is **GRANTED** on all claims.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 73, enter judgment in favor of Defendant and close the case.

Dated: July 14, 2026
　　　　New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

11